NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN ANDRES CRUZ-MEDRANO; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   16-71711 <br><br> Agency Nos.   A206-842-398 <br> A206-842-399 <br> A206-842-400 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**

Before:      SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Edwin Andres Cruz-Medrano, Julio Andres Cruz-Cruz, and Silvia Sarai

Cruz-Cruz, natives and citizens of El Salvador, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's decision denying their applications for asylum, withholding of removal,

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT").[1] Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's findings that petitioners failed to establish that the harm they experienced or fear was or would be on account of on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We lack jurisdiction to consider the imputed political opinion claims petitioners assert for the first time in their opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because

---

[1] Petitioners Cruz-Medrano and his son, Cruz-Cruz, each submitted their own applications for asylum, withholding of removal, and CAT. Both of Cruz-Medrano's children are included as derivatives of Cruz-Medrano's asylum application.

petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**